UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                   )
ALFRED SWENSON,                    )
        Plaintiff,                 )
                                   )
v.                                 )
                                   )    Civil Action No.
WILMINGTON SAVINGS FUND SOCIETY, FSB  )  16-cv-11646-MLW
D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY)
BUT AS TRUSTEE FOR PRETIUM MORTGAGE )
ACQUISITION TRUST,                 )
and                                )
SELENE FINANCE, LP,                )
        Defendants.                )
_____)
```

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION
AND REQUEST FOR SANCTIONS

THE PLAINTIFF, Alfred Swenson ("Plaintiff"), respectfully submits this opposition to Defendants', Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, not Individually but as Trustee for Pretium Mortgage Acquisition Trust and Selene Finance, LP ("Defendants") Motion for Reconsideration. The Plaintiff requests that this Honorable Court deny Defendants' motion as it is unsupported by fact or law, is frivolous, dilatory and brought in bad faith. The Plaintiff further requests that the Court sanction the Defendants for bringing forth this motion and award the Plaintiff his attorneys' fees reasonably incurred in opposing it.

AS GROUNDS, the Plaintiff offers the following memorandum of law in support:

RELEVANT FACTUAL AND PROCEDURAL HISTORY

At a status conference on October 16, 2018, the parties agreed to participate in court-sponsored mediation (Doc. 44). The parties participated in mediation with Senior Judge Edward F. Harrington ("Judge Harrington") on November 5, 2018, at which time the parties reached a settlement and Judge Harrington reported this case as settled (Doc. 49).

The settlement required the Defendants to modify the Plaintiff's mortgage loan at issue to include the following terms:

New Principal Balance    $248,000

Interest Rate:          4.5% fixed

The new modified mortgage loan would be a thirty year loan amortized over forty years, to allow for lower monthly payments by the Plaintiff and resulting in a balloon payment due at maturity in thirty years' time (Doc. 53-1 ¶4).

The settlement also required the Plaintiff to make a $45,000 payment to the Defendants by December 1, 2018, along with his first modified monthly mortgage payment by January 1, 2019 (Doc. 53-1 ¶5).

The settlement also required the Defendants to pay the Plaintiff $9,000 in attorneys' fees within thirty (30) days of the mediation date (Doc. 53-1 ¶6) and required the Defendants to request that the national credit bureaus delete the tradeline for the mortgage loan at issue from the Plaintiff's credit report, and

to provide proof to the Plaintiff that the Defendants had submitted this request to the credit bureaus (Doc. 53-1 ¶7).

On November 8, 2018 the Court (Wolf, J.) entered a settlement order that dismissed this action:

> without prejudice to reconsideration and possible reopening if within 60 days of this Order a motion is filed which represents that the terms of the settlement agreement have not been performed and there is good cause for the non-performing party or parties to have failed to perform. If no such motion is filed within 60 days of this Order, the case may only be reopened upon a meritorious motion pursuant to Fed. R. Civ. P. 60. See Pratt v. Philbrick, 109 F.3d 18 (1ˢᵗ Cir. 1997) (Doc. 50)

On November 26, 2018, the Plaintiff made the $45,000 payment due on December 1, 2018, which was received by Defendants' counsel on November 27, 2018, according to FedEx tracking (Doc. 53-1 ¶9).

The Defendants failed to pay the Plaintiff $9,000 in attorneys' fees that were due by December 6, 2018 (Doc. 53-1 ¶17) and failed to provide proof that they submitted requests to the national credit bureaus to delete the tradeline for the Plaintiff's mortgage loan from his credit reports (Doc. 53-1 ¶18). Further, the Defendants failed to provide a draft loan modification agreement to the Plaintiff within sixty (60) days of the Court's November 8, 2018 order (Doc. 53-1 ¶15).

On December 27, 2018, the Plaintiff made the first modified monthly loan payment due on January 1, 2019, which was received by Defendants' counsel on December 28, 2018, according to FedEx tracking (Doc. 53-1 ¶14).

On January 4, 2019, the Plaintiff filed a Motion to Reopen Case and for Status Conference, asserting that the Defendants failed to perform as required pursuant to the terms of the parties' negotiated settlement and that there was no good cause for the Defendants, as the non-performing parties, to have failed to perform (Doc. 51). In his motion, the Plaintiff stated that he had refrained from including the specific negotiated terms of the settlement and that he would immediately provide the full terms to the Court, should the Court order him to do so (Doc. 51).

On January 7, 2019, the Court (Wolf, J.) denied Plaintiff's motion without prejudice, finding that it was not supported by an affidavit or memorandum as required by Local Rule 7.1(b)(1), and that the Motion did not provide an explanation of the alleged failure to perform (Doc. 52). Within fifteen (15) minutes of that order going through the ECF system, Defendants' counsel emailed Plaintiff's counsel and stated:

> If I might make a suggestion, hold off on filing the revised motion. I expect my client to tell me shortly when the agreement for judgment and permanent modification offer will be ready to forward to you to finalize this matter. (Exhibit 1)

On January 8, 2019, Plaintiff received from Selene a Loan Modification Agreement calling for new principal balance of $329,242.82 on the Plaintiff's mortgage loan (Doc. 53-1 ¶15). This amount is $81,242.82 more than the $248,000 new principal balance that the Parties agreed to at mediation (Doc. 53-1 ¶4).

On January 9, 2019, Plaintiff filed a Renewed Motion to Open Case and For Status Conference (Doc. 53), along with an affidavit (Doc. 53-1) and memorandum of law (Doc. 54). On February 13, 2019, the Defendants filed their Response to Plaintiff's Renewed Motion (Doc. 55). The Defendants response did not oppose the motion, rather its prayer for relief was as follows:

> Defendants respectfully request that, if this Court is inclined to re-open the case, that the Court enter an order: (a) Directing the parties to confer with the court-appointed mediator (Harrington, J.); and (b) Granting the Defendants such other and further relief as is just and proper. (Doc. 55)

On August 12, 2019 Judge Harrington presided over the parties' status conference, at which time he confirmed the terms of settlement as asserted by the Plaintiff. Following the status conference, Judge Harrington reported:

> Status conference held to determine whether the terms of the Settlement are being complied with. Dispute over Principal Balance was not resolved. Plaintiff shall move to Reopen case in order to enforce the Settlement of November 5, 2018 (Doc. 59)

Following a second status conference on September 13, 2019, the Court (Dein, U.S.M.J.) took the Plaintiff's Renewed Motion to Reopen Case under advisement and ordered that:

> counsel to file a status report on 9/20/19 addressing if further mediation is warranted, cases on waiver issue, mediator testifying and how best to proceed (Doc. 65)

On September 20, 2019, the Defendants filed a Motion to Extend Deadline to File Status Report to September 27, 2019 (Doc. 66),

which the Plaintiff opposed (Doc. 67). The Defendants' motion asserted that they required more time in order to make a settlement proposal to the Plaintiff. The Plaintiff filed his Status Report on September 20, 2019 that addressed the issues of further mediation, waiver, mediator testimony and how best to proceed (Doc. 68).

On September 23, 2019 the Court (Dein, U.S.M.J.) allowed Defendants' Motion to Extend Deadline ordering that:

> The plaintiff is to report to the court by 10/1/2019 if the defendants' proposal is acceptable. If not, the defendant shall file the previously ordered status report by 10/3/2019. (Doc. 69)

On September 23, 2019, the Court (Dein, U.S.M.J.) also allowed Plaintiff's Renewed Motion to Reopen Case (Doc. 70), ordering as follows:

> Treating the Motion as a procedural request that the court address whether or not a settlement agreement has been reached and, if so, to enforce that agreement, the motion is granted. In accordance with the prior rulings of the court, the court will establish a procedure to address the merits of these issues.

On October 1, 2019, the Plaintiff reported to the Court that the Defendants' proposal was not acceptable (Doc. 71). On October 7, 2019, four days _after_ the Court's deadline, the Defendants' filed a pleading styled "Status Report" which argued that there was no waiver of mediation privilege and no settlement agreement to enforce (Doc. 72).

On October 15, 2019, the Court (Dein, U.S.M.J.) entered a Procedural Order requiring the parties to file a joint status report by October 24, 2019 proposing procedures for the Court to resolve the issue whether there was an enforceable agreement and, if so, its terms (Doc. 74).

On October 17, 2019, Plaintiff's counsel emailed a draft joint status report to Defendants' counsel (Exhibit 2). Having received no response, on October 23, 2019, Plaintiff's counsel sent a follow-up email to Defendants' counsel regarding the joint status report (Exhibit 2). Instead of completing the status report, Defendants' counsel responded that he would file a motion seeking an additional seven days to file the status report (Exhibit 2).

On October 24, 2019 Defendants' counsel filed a Motion to Extend Deadline to File Joint Status Report (Doc. 75). The Defendants' proffered their reasons in support of this motion as follows:

> Wilmington Savings and Selene a short extension of the deadline to consider their options, consult with their attorneys and consult with counsel for the Plaintiff to fashion an appropriate joint status report. On October 23, 2019, Wilmington Savings and Selene advised the Plaintiff, through counsel, of their intent to request a short extension of the deadline. As of the filing of this motion, Plaintiff has not objected to the proposal to extend the deadline. The Plaintiff will not be prejudiced by an extension of the filing deadline as both parties need to confer regarding the joint status report. (Doc. 75)

On October 24, 2019, the Plaintiff filed his Status Report that proposed a procedure for resolving the issues of whether there is an enforceable agreement along with its terms (Doc. 76). On October 25, 2019, the Court (Dein, U.S.M.J) allowed Defendants' Motion to Extend Deadline to November 7, 2019 and ordered the Defendants to meet and confer with the Plaintiff prior to filing the report (Doc. 77).

The Defendants did not meet and confer with the Plaintiff or his counsel to prepare the status report as required by the Court's October 25, 2019 order (Affd. Cornetta ¶3). Instead, on November 7, 2019, the Defendants filed a Motion for Reconsideration (Doc. 78) of this Court's September 23, 2019 Order, that the Plaintiff now opposes.

As of the date of this opposition, the Plaintiff has timely made twelve payments to the Defendants' totaling $65,231.20 (Doc. 53-9; 53-14; Exhibits 3-12) pursuant to the parties' loan modification agreement. The Defendants have not paid the Plaintiff the $9,000 in attorneys' fees (Affd. Cornetta ¶4), have not provided proof of credit reporting (Affd. Cornetta ¶5) and have not modified the Plaintiff's mortgage loan (Exhibit 13), all of which they were required to do pursuant to the settlement the parties reached at the November 5, 2018 mediation.

ARGUMENT

THE COURT SHOULD DENY THE DEFENDANTS' MOTION AS IT HAS NO BASIS IN
FACT OR LAW, IS FRIVOLOUS, DILATORY AND BROUGHT IN BAD FAITH.

The Defendants' Motion for Reconsideration completely ignores
the procedural history of this case, the applicable rule of civil
procedure and controlling caselaw. Instead, the Defendants
incorrectly rely upon one inapplicable case in support of their
motion. The Plaintiff's Renewed Motion to Reopen Case was timely
brought and contains meritorious reasons why this case should
remain open. The Court correctly allow the motion to reopen, even
if it was brought outside the allowable nisi period (which the
Plaintiff does not concede), pursuant to Fed.R.Civ.P. 60(b).

Additionally, it is abundantly clear that the Defendants have
no desire to comply with this Court's orders in this case. Instead,
they have sought repeated extensions of time in an effort to avoid
addressing the issue of how to proceed with determining the terms
of settlement and enforcement of those terms.

As further evidence of the Defendants' cavalier posture and
attempt to deceive both the litigants and this Court, the
Defendants' most-recent motion for an extension contains material
misrepresentations. For these reasons, the Court should deny the
Defendants' motion and award the Plaintiff his attorneys' fees in
opposing it.

A. The Plaintiff's Renewed Motion To Reopen Case Was Brought
   Within The Nisi Period And Contains Meritorious Reasons
   Why The Court Should Reopen This Case.

The Plaintiff filed his first Motion to Reopen Case before
the sixty (60) day period expired. That motion notified the Court
that the Defendants had failed to comply with the terms of the
parties' settlement and that there was no basis for their non-
compliance. The Court's denial of that motion, without prejudice,
was on procedural grounds, and not following a substantive
consideration of its merits.

Further, the Defendants never opposed the Plaintiff's Renewed
Motion. Instead they filed a "Response" more than one (1) month
later, which was well beyond the fourteen (14) days required under
Local Rule 7.1(b)(2). The Defendants' Response simply asserted
that, if the Court was inclined to re-open the case, that the
parties should be referred back to Judge Harrington (which they
were on August 12, 2019). Obviously, the Defendants did not like
what Judge Harrington had to say at that August 12, 2019 status
conference, wherein he affirmed the Plaintiff's position regarding
the terms of settlement.

The Defendants' reliance on Lipman v. Dye is completely
misplaced. First, the original motion to reopen in Lipman was
opposed and was heard by the Court on the merits. Lipman v. Dye,
294 F.3d 17, 19 (1st Cir. 2002). Contrast this case, where the
original Motion to Reopen was denied without prejudice on

procedural, not substantive, grounds. Further, it would make absolutely no sense for this Court to deny Plaintiff's Motion to Reopen without prejudice, if the Court was unwilling to review in the future, and on the merits, a subsequent motion that also corrected the procedural defect.

The Plaintiff respectfully submits that, by filing the Motion to Reopen within sixty (60) days of the dismissal order, combined with the Court denial of the motion on procedural grounds without prejudice, the Court maintained jurisdiction to consider the Plaintiff's Renewed Motion that was filed just two (2) days later.

Second, the dispute in Lipman concerned the sale of $10,000 worth of firearms, which the aggrieved party alleged violated the terms of the parties' settlement. Lipman, 294 F.3d at 19. The Court found that there was no basis for federal jurisdiction over this issue, as the amount in controversy was insufficient. Id. at 21. In this case the amount in controversy exceeds the $75,000 threshold required by 28 U.S.C. $1332, as the Defendants have attempted to increase the principal balance by some $81,242.82 more than the $248,000 that the parties agreed to. In addition, the Defendants have failed to pay the Plaintiff the required $9,000 in attorneys' fees.

Assuming, arguendo, that the Court were to find that the Plaintiff's Renewed Motion was untimely and that the case should be dismissed, the Court would have jurisdiction over a subsequent

action refiled by the Plaintiff in this Court pursuant to 28 U.S.C. §1332, as the parties are diverse and the amount in controversy is satisfied. It would be an enormous waste of judicial time and resources to have this action, which has now gone on for more than three (3) years, and involved the Plaintiff's principal residence, to be restarted anew. The Plaintiff respectfully submits that this matter should be resolved now, with enforcement of the parties' settlement.

B. Even If The Motion Was Not Brought Within The Nisi Period, The Court Correctly Allowed It Pursuant To Fed.R.Civ.P. 60(b).

Even if the Court were to accept the Defendants' argument that the Plaintiff's Renewed Motion was non-compliant with the timeframe imposed by Court's November 8, 2018 order of dismissal, the Plaintiff respectfully submits that the Court properly reopened this matter pursuant to Fed.R.Civ.P. 60(b)(1) and 60(b)(6). Clearly the Plaintiff intended to timely bring his Motion to Reopen after the Defendants failed to comply with the terms of the parties' settlement. Any procedural defect in the Plaintiff's Motion to Reopen was never the product of in intentionally chosen course of conduct and was clearly inadvertent or excusable neglect pursuant to Fed.R.Civ.P. 60(b)(1).

The case should also be reopened pursuant to Fed.R.Civ.P. 60(b)(6). The Defendants have received the full benefit of their bargain, including $65,231.20 in payments from the Plaintiff to

date. Meanwhile, the Defendants have wholly, and completely, failed to perform pursuant to the parties' settlement. The Plaintiff's mortgage loan remains unmodified according to the Defendants' records. He has not been provided any proof that his credit report has been corrected nor has he been paid the $9,000 in attorneys' fees that were due by December 6, 2018. The Defendants have realized the full benefit of their bargain, while at the same time completely refusing to comply with the parties' settlement and denying the Plaintiff his benefit of the bargain. The Plaintiff respectfully submits that this is certainly reason enough to justify relief pursuant to Fed.R.Civ.P. 60(b)(6).

The facts of this matter are similar to Queens Syndicate Co. v. Herman, a case which recognized that district courts may extend the sixty-day period of dismissal, even when a motion is filed outside the sixty days, upon a finding of excusable neglect under Fed.R.Civ.P. 60(b). Queens Syndicate Co. v. Herman, 691 F. Supp.2d 283, 288 (D. Mass., 2010). In Queens, the party seeking enforcement of a settlement filed their motion two (2) days outside of the sixty day period. Queens Syndicate Co. v. Herman, 691 F. Supp.2d at 285. The Court in Queens found that it retained subject matter jurisdiction over the case and therefore could reopen it and

enforce the parties' settlement, relying upon <u>Pratt v. Philbrook</u>, 109 F.3d 18 (1st Cir. 1997). <u>Id</u>. at 288-89.[1]

The <u>Pratt</u> case concerned an attempt by a plaintiff to have a dismissal vacated three (3) weeks after the settlement period expired. <u>Pratt v. Philbrook</u>, 109 F.3d 18 (1st Cir. 1997). The First Circuit, relying upon <u>Pioneer Investment Services Company v. Brunswick Associated Limited Partnership</u>, 507 U.S. 380 (1993), held that the three (3) weeks' delay was the product excusable neglect pursuant to Fed.R.Civ.P. 60(b). The Court in <u>Pratt</u> noted that it was difficult to see what cognizable prejudice (for example, lost evidence), the defendant would suffer if the case were reopened. <u>Pratt</u>, 109 F.3d at 22. Further, the Court noted that the three (3) weeks' delay was not particularly extended. <u>Id</u>. at 22. Indeed, the Court in <u>Pratt</u> noted:

> Impact on judicial proceedings is arguably of concern; but if the parties had reported on the 59th day that the settlement could not be consummated, it would not appear to have a materially less significant impact than it does here when the report occurred some 21 days later. <u>Id</u>.

Finally, the Court in <u>Pratt</u> noted that there did not appear be a lack of good faith with respect to the reason for the delay. <u>Id</u>.

---

[1] <u>Pratt v. Philbrook</u> is also cited by Judge Wolf's November 8, 2018 order of dismissal.

14

In this case, the Plaintiff filed his Motion to Reopen <u>prior</u> to the expiration of sixty (60) days. Therefore, the Defendants were well aware, within the sixty day timeframe, that the Plaintiff was seeking to reopen this case due to the Defendants' failure to comply with the terms of settlement. Indeed, the same day that Judge Wolf issued his January 7, 2019 denial, the Defendants encouraged the Plaintiff to delay filing a renewed motion to reopen. Therefore, the Defendants suffered no prejudice by the Renewed Motion being filed just two days later.

At most, the time within which the Plaintiff's Renewed Motion was filed, slightly after the sixty day period, was the product of inadvertence and/or excusable neglect, as contemplated by <u>Queens</u>, <u>Pratt</u> and <u>Pioneer</u>, and falls squarely within Fed.R.Civ.P. 60(b)(1). Alternatively, the facts in this case clearly justify reopening it pursuant to Fed.R.Civ.P. 60(b)(6). Either way, the Defendants' Motion for Reconsideration should be denied.

C. The Defendants' Conduct In Bringing Forth Their Motion For Reconsideration Demonstrates Dilatory And Deceptive <u>Motives, Therefore The Defendants' Motion Should Be Denied.</u>

The Defendants have, on numerous occasions, failed to comply with this Court's orders and deadlines. Now, when they have exhausted their ability to delay addressing the issue before the Court, namely enforcement of the parties' settlement, they use a frivolous, deceptive procedural maneuver in an effort to avoid

being held accountable for failing to perform their part of the parties' settlement agreement.

This Court has ordered the parties to provide proposed procedures for addressing the terms of settlement, and the parties compliance therewith, since the September 13, 2019 status conference. The Plaintiff has fully complied with each and every order, and timely filed status reports on September 20, 2019 (Doc. 68) and again on October 24, 2019 (Doc. 76) that address this issue.

Meanwhile, the Defendants completely ignored the Court's September 23, 2019 order that they file a status report by October 3, 2019. Instead, they unilaterally chose to file their report on October 7, 2019 and, even then, failed to address the procedural issue of determining the terms of settlement and the parties' compliance therewith.

On October 15, 2019, the Court ordered the parties to file a joint status report by October 24, 2019. On the day the report was due, the Defendants filed a motion for extension of time citing the need to "consider their options, consult with their attorneys and consult with counsel for the Plaintiff to fashion an appropriate joint status report." (Doc. 75). The Court allowed this motion and ordered the Defendants to confer with the Plaintiff before filing their report on November 7, 2019. In defiance of

this Court's order, the Defendants did not confer with the Plaintiff regarding the status report.

Further, it is now apparent that the Defendants completely misrepresented to this Court and the Plaintiff the reason why they sought yet another extension to file the status report. Contrary to their motion, we now know they had no intention of working with the Plaintiff to prepare the joint status report and, indeed, had no intention of filing the report at all. Instead, this was yet another play for time, followed by a frivolous motion for reconsideration on the date the Defendants' status report was due.

No litigant should be permitted to deceive this Court or the parties through a pleading. The Court should not condone this deceptive conduct. The Defendants' motion should be denied and the Defendants should be ordered to pay the Plaintiff his attorneys' fees in having to defend this frivolous motion.

    D. The Defendants Have Never Put In Writing The Terms Of Settlement That They Actually Dispute, Therefore Their Motion For Reconsideration Should Be Denied.

It is curious that, despite the numerous pleadings filed by the Plaintiff articulating in detail the terms of settlement, and the Defendants' lack of compliance, the Defendants in turn have never actually stated with any specificity the grounds for their purported disagreement with the Plaintiff's claims.

The case was reported settled by Judge Harrington and has been docketed as such. The terms of settlement have been

substantiated by Plaintiff's counsel through a sworn affidavit. Yet, the Defendants have provided no evidence, by way of affidavit or any other documents, to actually refute the Plaintiff's claims. The only statement the Defendants have made in response to the Plaintiff's settlement claim is one cut-and-paste line filed in two (2) separate pleadings, which reads as follows:

> The Defendants deny the Plaintiff's allegation that the Defendants have failed to perform. Instead, the Defendants state that the Plaintiff seeks to enforce a term that the parties never agreed to include in their agreement. (Doc. 55; Doc. 72)

It is incomprehensible that the Defendants can deny the allegation that they have failed to perform, when they have provided no evidence of their performance or compliance with any terms of settlement. Contrast the fact that the Plaintiff has paid $65,231.20 in reliance upon the parties' settlement and the Defendants have not returned any of those payments. Further, the Defendants have never articulated, in any pleading or sworn statement, the "term" that they allegedly never agreed to.

It is telling that the Defendants have now resorted to procedural maneuvers in seeking to deflect this Court's attention from their complete failure to comply with the terms of the parties' settlement, and have proffered no evidence whatsoever of their compliance or of the "term" at issue. Meanwhile the Plaintiff has provided evidence of the settlement terms, and his full compliance with those terms. The Defendants are now trying to avoid having to

18

comply with the settlement at all, while at the same time receiving $65,231.20 to date from the Plaintiff pursuant to that settlement.

The Plaintiff has provided evidence of the parties' settlement and is prepared to offer sworn testimony as to those terms and the fact of Defendants' failure to comply. The Defendants should be held to the same standard and their Motion for Reconsideration should be denied.

<u>CONCLUSION</u>

It is blatantly apparent that the Defendants have not complied with the orders or deadlines of this Court. They have filed numerous, needless requests for extension of time. They have filed at least one pleading that was deceptive. Now, on the day that their status report was due, they filed a Motion for Reconsideration that has no basis in fact or law.

The Plaintiff's Renewed Motion to Reopen Case was both timely and meritorious. The Court properly allowed the motion, either pursuant to the November 8, 2018 Dismissal Order or, at the very least, pursuant to Fed.R.Civ.P. 60(b). The Plaintiff's Renewed Motion demonstrates that the Plaintiff has fully-complied with the terms of the parties' settlement, while the Defendants have done nothing. The Defendants should not be allowed to continue upon this course of delay and deception. This is particularly true as this case involves the Plaintiff's home. The Court should deny the Defendants' Motion for Reconsideration and schedule an evidentiary

hearing to determine and enforce the terms of the parties' settlement. Finally, the Plaintiff should be awarded his attorneys' fees in having to defend a motion for reconsideration that has no basis in fact or law, is frivolous, dilatory and brought in bad faith.

WHEREFORE, the Plaintiff submits this opposition to Defendants' Motion for Reconsideration. The Plaintiff requests that the Court deny Defendants' motion and award the Plaintiff his attorneys' fees reasonably incurred in opposing it.

Respectfully Submitted.

Alfred Swenson,
By His Attorney,

/s/ Christopher A. Cornetta
Christopher A. Cornetta
BBO No. 672976
Cornetta Babine LLC
153 Andover Street, Suite 204
Danvers, MA 01923
(978) 304-0646
Date: November 12, 2019       ccornetta@cornettababine.com

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 12, 2019.

/s/ Christopher A. Cornetta
Christopher A. Cornetta