UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALFRED SWENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CIVIL ACTION |
| WILMINGTON SAVINGS FUND SOCIETY, FSB | ) | NO.  16-11646-MLW |
| d/b/a CHRISTIANA TRUST, NOT INDIVIDUALLY | ) | |
| BUT AS TRUSTEE FOR PRETIUM MORTGAGE | ) | |
| ACQUISITION TRUST, and SELENE FINANCE LP, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION AND PLAINTIFF'S MOTION FOR SANCTIONS

January 2, 2020

DEIN, U.S.M.J.

## I.  INTRODUCTION

The plaintiff, Alfred Swenson, commenced this action challenging efforts by the

defendants (collectively, "Wilmington") to foreclose on his home.  The matter was mediated

before Senior District Judge Harrington, who reported the case settled on November 5, 2018.

On November 8, 2018, the trial judge, District Judge Wolf, entered a 60-day Settlement Order

of Dismissal.  (Dkt. No. 50).  The settlement was not finalized and, shortly before the 60th day,

the plaintiff filed a "Motion to Reopen Case and for Status Conference," asserting that the

defendants had "failed to perform as required pursuant to the terms of the parties' negotiated

settlement" and that the defendants were "requiring a condition precedent to their perfor-

mance that the parties never agreed to[.]"  (Dkt. No. 51).  The motion was denied by the trial

judge without prejudice on the 60th day on the grounds that the motion was not "supported by an affidavit or memorandum as required by Local Rule 7.1(b)(1), and provides no explanation of the alleged failure to perform[.]" (Dkt. No. 52). Defense counsel promptly sent plaintiff's counsel an email suggesting to plaintiff's counsel that he not refile the motion since the matter would be settled. Nevertheless, on January 9, 2019, the 62nd day, plaintiff filed a "Renewed Motion to Reopen Case and for Status Conference" with supporting information. (Dkt. Nos. 53 & 54 (the "Motion to Reopen")). Well after the time period had expired for opposing the Motion, the defendants filed a "Response," requesting that the matter be returned to the mediator who would confirm the terms of the settlement. (Dkt. No. 55).

The plaintiff has been making payments to the defendants in accordance with the terms he believes were agreed upon, including a lump sum payment. Nevertheless, subsequent efforts to finalize the settlement, including a further session with the mediator, have proved unsuccessful. This court held a hearing, and the parties have filed a number of pleadings seeking to identify the issues in dispute, the scope of permissible evidence and the most efficient way to determine if a settlement had truly been reached at the original mediation and, if so, the terms of that settlement. On September 23, 2019, this court entered an order that provided as follows:

> Treating the [Motion to Reopen] as a procedural request that the court address whether or not a settlement agreement has been reached and, if so, to enforce that agreement, the motion is granted. In accordance with the prior rulings of the court, the court will establish a procedure to address the merits of these issues.

(Dkt. No. 70). In lieu of a status report, on November 7, 2019, the defendants filed the Motion for Reconsideration, which is presently before this court. (Dkt. No. 78). Therein, the defen-

dants contend that the plaintiff's Motion to Reopen filed on January 9, 2019 was untimely, and that, as a result, the court lacks jurisdiction over this case. The plaintiff opposed the Motion for Reconsideration, and moved for sanctions. (Dkt. No. 79). Despite being given the opportunity to respond to the request for sanctions, the defendants failed to do so. (Dkt. No. 80). Oral argument was held on December 17, 2019. (Dkt. No. 85).

After careful consideration of the written and oral arguments of the parties, and as stated at oral argument, the Motion for Reconsideration (Dkt. No. 78) is DENIED. As an initial matter, plaintiff could have refiled a timely motion to reopen on the 60th day after the Settlement Order of Dismissal was entered, but was affirmatively encouraged not to do so by defense counsel. In addition, the motion could have been deemed unopposed, since the defendants did not respond in a timely manner. Finally, even assuming that the filing on the 62nd day was untimely, the court accepts the Motion pursuant to Fed. R. Civ. P. 60.

The plaintiff's Request for Sanctions (Dkt. No. 79) is ALLOWED. If the defendants truly believed that this court lacked jurisdiction over this case because the refiled Motion to Reopen was untimely, they should have pursued that issue months ago, before the considerable expenditure of plaintiff's counsel's time and effort, and the court's resources. While the issue was noted in passing in their filings, the defendants never sought a hearing on the issue. More importantly, both in their pleadings and in oral argument before this court, defendants failed to explain their failure to oppose the Motion to Reopen in a timely manner, or defense counsel's actions in assuring plaintiff's counsel that he did not need to file another motion to reopen.[1]

---

[1] Counsel at oral argument was not the same attorney who sent plaintiff's counsel the email, although they are at the same firm.

While this correspondence was highlighted in plaintiff's Opposition to the Motion for Reconsideration and Request for Sanctions, defense counsel failed to address it at all.  Thus, the record as it stands establishes that defense counsel lulled plaintiff's counsel into believing that the Motion to Reopen could be filed after the 60-day period, without opposition.  The defendants' belated position to the contrary is frivolous.

Plaintiff is awarded his costs and attorneys' fees in opposing defendants' Motion for Reconsideration, to be paid by defendants' attorneys.  Plaintiff's counsel shall submit an affidavit detailing these amounts within 30 days of the date of this Order.

## II. <u>STATEMENT OF FACTS</u>

On November 5, 2018, the case was reported settled by the mediator, who instructed that "[a] 60 day settlement order may issue."  (Dkt. No. 49).  On November 8, 2018, the trial judge issued a Settlement Order of Dismissal (Dkt. No. 50), which provided:

> It is hereby ORDERED that this action is hereby DISMISSED without prejudice to reconsideration and possible reopening if within 60 days of this Order a motion is filed which represents that the terms of the settlement agreement have not been performed and there is good cause for the non-performing party or parties to have failed to perform.

> If no such motion is filed within 60 days of this Order, the case may only be reopened upon a meritorious motion pursuant to Fed. R. Civ. P. 60.  <u>See</u> <u>Pratt v. Philbrock</u>, 109 F.3d 18 (1st Cir. 1997).

(<u>Id.</u>).

The defendants' counsel sent a draft of the settlement agreement to plaintiff's counsel on December 13, 2018.  (Dkt. No. 53-1 ¶ 10).  The parties were unable to conclude the settlement and on January 4, 2019, three days prior to the 60-day deadline set forth in the Settlement Order of Dismissal, the plaintiff filed a "Motion to Reopen Case and for Status

Conference." (Dkt. No. 51). The motion was denied without prejudice on January 7, 2019 (the 60th day) because the "motion [was] not supported by an affidavit or memorandum as required by Local Rule 7.1(b)(1), and provides no explanation of the alleged failure to perform[.]" (Dkt. No. 52). Later that same day, defense counsel emailed the plaintiff's counsel stating:

> Chris, good afternoon. How are you? I just saw this [the denial] come down from US DC (MA). If I might make a suggestion, hold off on filing the revised motion. I expect my client to tell me shortly when the agreement for judgment and permanent modification offer will be ready to forward to you to finalize this matter. Hope you had a great weekend, Chris!
>
> All my best,
> Rich

(Docket No. 79 Ex. 1). [2] On January 9, 2019, two days after the 60-day deadline, the plaintiff filed the Motion to Reopen, along with a supporting affidavit and memorandum. (Dkt. Nos. 53, 54).

Without seeking any permission to respond to the Motion late, on February 13, 2019, the defendants filed a "Response" to the plaintiff's Motion to Reopen. (Dkt. No. 55). Therein, "the Defendants respectfully suggest[ed] that the Court direct the parties to return to mediation to – once again – finalize the terms of their agreement." (Id. at 1). Towards the end of their "Response," the defendants stated that the Motion to Reopen had been filed on January 9, 2019, two days beyond the 60-day period. The defendants make no mention of the filing of the original motion to reopen on January 4, 2019 (which is clearly reflected on the docket). Nor do they mention the email quoted above. (Id. ¶¶ 19, 23). The defendants further

---

[2] The email was sent by counsel who had represented the defendants in the mediation.

argued in their Response that the Motion to Reopen did not meet the standard of Fed. R. Civ. P. 60. (Id. ¶ 24). Nevertheless, the defendants did not contend that the court lacks jurisdiction over the case, but rather "request[ed] that, if this Court is inclined to re-open the case, that the Court enter an order . . . [d]irecting the parties to confer with the court-appointed mediator (Harrington, J.)[.]" (Id. at 7).[3]

The Motion to Reopen was referred to this session on June 12, 2019. (Dkt. No. 56). This court referred the parties back to the mediator, who reported on August 12, 2019 that "Dispute over Principal Balance was not resolved. Plaintiff shall move to Reopen case in order to enforce the Settlement of November 5, 2018." (Dkt. No. 59). This court held a status conference on September 13, 2019 (continued from August 19, 2019 at the defendants' request) at which several key issues were identified: whether further mediation was warranted, whether the confidentiality of the settlement process had been waived, whether the mediator should be permitted to testify, and the best way to proceed. (See Dkt. Nos. 61, 63-65). The parties were ordered to address these issues in a status report due on September 20, 2019, and the court took the Motion to Reopen under advisement. (Dkt. No. 65).

The plaintiff filed his status report on September 20, 2019. (Dkt. No. 68). On that date, the defendants filed an opposed "Motion to Extend Deadline to File Status Report" until September 27, 2019, representing that the defendants "intend to make a proposal to the Plaintiff to modify the terms of the Plaintiff's loan with the intent of resolving the litigation

---

[3] While the defendants argue that the plaintiff did not meet the standard for reopening the case, they do not clarify what follows from that conclusion. There is no suggestion that the underlying merits of the case be litigated. They offer no suggestion as to how to proceed given the parties' differing views as to the terms of the settlement, beyond returning to Judge Harrington.

without further Court involvement." (Dkt. No. 66 at ¶ 12; Dkt. No. 67). This court allowed the defendants' motion to continue, gave the plaintiff until October 1, 2019 to inform the court whether the defendants' new proposal was acceptable, and ordered that if it was not acceptable the defendants were to file the previously ordered status report by October 3, 2019. (Dkt. No. 69). As noted above, this court further ordered that it was treating the Motion to Reopen as a "procedural request that the court address whether or not a settlement agreement has been reached and, if so, to enforce that agreement" and, in that context, was allowing the Motion to Reopen. (Dkt. No. 70).

As directed, the plaintiff notified the court on October 1, 2019 that the defendants' new proposal was not acceptable. (Dkt. No. 71). Again without seeking leaving of court to file late, the defendants filed their status report on October 7, 2019. (Dkt. No. 72). Again ignoring the plaintiff's January 4, 2019 Motion to Reopen, and defense counsel's email suggesting that no new motion be filed, the defendants argued that "[t]he Plaintiff filed an untimely motion to re-open the case in an effort to 'enforce' the term to which the parties did not agree." (Id. at 1). The defendants argued further that "[a]s the mediation privilege applies to the mediation discussions and as the Plaintiff's best-case scenario is a decision that the parties did not have a meeting of the minds at mediation, there is no settlement agreement for this Court to enforce." (Id.).

On October 11, 2019, this court issued a Procedural Order which provided as follows:

> By October 24, 2019, the parties shall file a joint status report proposing procedures for the court to resolve the issue whether there was an enforceable agreement and, if so, its terms. This court will not permit evidence or testimony from the mediator. See Local Rule 16.4(c)(2)(F); Mass. Gen. Laws ch. 233, § 23C.

(Dkt. No. 74).

Plaintiff filed a status report addressing these issues on October 24, 2019, noting therein that defendants had not responded to the draft status report he had sent to them on October 17, 2019 and that, in response to his inquiry the previous day, defense counsel stated that they would be filing a motion for an extension because his client "is considering its options and wants to make a thoughtful decision on how to proceed." (Dkt. No. 76). On October 24, 2019 the defendants filed a motion to extend the time for them to file their joint status report to November 7, 2019. (Dkt. No. 75). The defendants allegedly needed the time "to consider their options, consult with their attorneys and consult with counsel for the Plaintiff to fashion an appropriate joint status report." (Id. at 3). The court allowed the extension to November 7, 2019. (Dkt. No. 77).

On November 7, 2019, the defendants filed the pending Motion for Reconsideration. (Dkt. No. 78). Therein, the defendants argued that the plaintiff's Motion to Reopen of January 9, 2019 was untimely, and did not give the court grounds to reopen the action under Fed. R. Civ. P. 60. (Id. at 1). While this Motion did reference the fact that the plaintiff had moved to reopen the case on January 4, 2019, and the court had denied that motion on January 7, 2019, it again made no mention of defense counsel's email. (Id. ¶¶ 17-18). The defendants argued for the first time that the court "should reconsider its order on the Second Motion to Re-open and deny that motion because the Court did not retain jurisdiction over this case beyond the 60-day period after its November 8, 2018 order dismissing the case." (Id. ¶ 27). They argued further that there were no grounds under Fed. R. Civ. P. 60 to reopen the case. (Id. ¶ 28). The prayer for relief requested that the court reconsider its "order of September 23, 2019 on the

Plaintiff's Second Motion to Re-open[,]" deny the Motion and "confirm" that the case was closed.  Id. at 9.

The plaintiff filed an Opposition to Defendants' Motion for Reconsideration and Request for Sanctions.  (Dkt. No. 79).  The opposition is supported with an affidavit of counsel and with numerous exhibits.  Notably, the plaintiff refers several times to defense counsel's email of January 7, 2019, which plaintiff describes as having been sent "[w]ithin fifteen (15) minutes of [Judge Wolf's] order going through the ECF system[.]"  (Id. at 4).  A copy of the email is attached as Exhibit 1 to the plaintiff's filing.  In addition to relying on the email, plaintiff raises a number of arguments in support of his contention that the Motion to Reopen should be accepted, and that sanctions should be imposed for the filing of the Motion for Reconsideration.

On November 22, 2019, this court ordered the defendants to file a response to the plaintiff's request for sanctions by December 6, 2019.  (Dkt. No. 80).  In addition, the court scheduled a hearing on both the defendants' Motion for Reconsideration and plaintiff's Request for Sanctions, and required that a representative of the defendants be present at the hearing.  (Id.).[4]  While the Request for Sanctions was clearly a concern for the court, no response to the Request for Sanctions was ever filed, and at oral argument counsel was unable to explain defense counsel's email of January 7, 2019.

Additional facts will be provided below where appropriate.

---

[4] The court ultimately allowed the defendants' motion for leave to have the representative attend by telephone.  Defendants' initial motion failed to explain why the representative could not attend in person and failed to contain a certification of consultation pursuant to Local Rule 7.1(a)(2). (Dkt. Nos. 81-84).

### III. <u>ANALYSIS</u>

**A.**    <u>Timeliness</u>

Defendants contend that the plaintiff's filing of the Motion to Reopen, allegedly without justification, should not have been accepted by the court because the court's jurisdiction ended when the 60-day period of the Settlement Order of Dismissal expired. However, it is beyond dispute that the court has the jurisdiction to entertain a motion to reopen despite the fact that it was filed beyond the 60-day period. <u>See</u> <u>Queens Syndicate Co. v. Herman</u>, 691 F. Supp. 2d 283, 289 (D. Mass. 2010) (court retains jurisdiction to consider and allow a motion to reopen filed after a 60-day settlement order expired, where delay in filing was excusable neglect under Rule 60(b)), <u>aff'd</u> <u>sub</u> <u>nom.</u> <u>Quincy V, LLC v. Herman</u>, 652 F.3d 116 (1st Cir. 2011). Moreover, in the instant case, the Motion to Reopen was appropriately accepted for filing and the merits should be addressed.

As an initial matter, the defendants should be estopped from challenging the timeliness of the plaintiff's filing. Having represented to plaintiff's counsel that the motion to reopen did not have to be filed, plaintiff's counsel justifiably relied on the representation that he did not have to refile the motion that day, which would have been within the 60-day period. Defendants cannot now seek to gain an advantage due to plaintiff's justifiable reliance. <u>See</u> <u>Dixon v. Wells Fargo Bank, N.A.</u>, 798 F. Supp. 2d 336, 343-44 (D. Mass. 2011) (promissory estoppel allows a court to enforce a promise where its enforcement "is necessary to avoid injustice" (quoting Restatement (Second) of Contracts § 90, cmt. (b))); <u>Micro Networks Corp. v. HIG Hightec, Inc.</u>, 195 F. Supp. 2d 255, 266 (D. Mass. 2001) ("equitable estoppel seeks to prevent a person from denying the natural consequences of his words or actions where that conduct

induces another to change his position."); <u>Springfield Library & Museum Ass'n, Inc. v. Knoedler Archivum, Inc.</u>, 341 F. Supp. 2d 32, 41 (D. Mass. 2004) (party may be precluded from asserting a defense due to equitable estoppel).

Moreover, the Motion to Reopen filed on January 9, 2019 was, in fact, unopposed, as no opposition was filed within the 14-day period provided in the Rules. L.R. 7.1(b)(2). Even when the defendants filed a pleading, it was not an opposition but, rather, was a "Response." For these reasons as well, the Motion to Reopen filed on January 9, 2019 was appropriately accepted as timely filed.

Finally, even assuming that the dismissal was final on the 60th day, the Motion to Reopen was timely and appropriately filed under Fed. R. Civ. P. 60. "Rule 60(b) grants federal courts the power to vacate judgments 'whenever such action is appropriate to accomplish justice.'" <u>Roosevelt REO PR II Corp. v. Del Llano-Jimenez</u>, 765 F. App'x 459, 461 (1st Cir. 2019) (citations omitted). The rule is designed both to protect the finality of court judgments, and recognize "the desirability of deciding disputes on their merits." <u>Teamsters, Chauffeurs, Warehousemen & Helpers Union v. Superline Transp. Co., Inc.</u>, 953 F.2d 17, 19 (1st Cir. 1992). This court recognizes that the relief is "'extraordinary in nature and . . . motions invoking that rule should be granted sparingly.'" <u>Giroux v. Fed. Nat'l Mortg. Ass'n</u>, 810 F.3d 103, 106 (1st Cir. 2016) (quoting <u>Karak v. Bursaw Oil Corp.</u>, 288 F.3d 15, 19 (1st Cir. 2002)). This is one of those rare instances.

Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for specific reasons, including "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) &

(b)(6).  "To balance the 'competing policies' of finality of judgments and resolving litigation on the merits, courts considering motions under Rule 60(b)(6) ordinarily examine four factors: (1) the motion's timeliness, (2) whether exceptional circumstances justify extraordinary relief, (3) whether the movant can show a potentially meritorious claim or defense, which, if proven, could bring her success at trial, and (4) the likelihood of unfair prejudice to the opposing party." Bouret-Echevarria v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 43 (1st Cir. 2015).  The "'listed factors are incorporated into a holistic appraisal of the circumstances.  There is no ironclad rule requiring an in-depth, multi-factored analysis in every case.  Sometimes one factor predominates to such an extent that it inexorably dictates the result.'"  Id. (quoting Ungar v. Palestine Liberation Org., 599 F.3d 79, 83-86 (1st Cir. 2010)).

In the instant case, it is undisputed that the settlement was not finalized within the 60-day period originally contemplated by the parties.  Nevertheless, the parties were actively engaged in discussions as of the 60th day.  There was no prejudice to the defendants in allowing the discussions to continue a few more days before the plaintiff notified the court that the reported settlement had not been finalized.[5]  In fact, defense counsel actively encouraged plaintiff's counsel to continue the discussions in lieu of involving the court.  Therefore, the delay in filing the motion did not prejudice the defendants.  The plaintiff certainly was not involved in "gamesmanship" and the slightly delayed notice to the court regarding the breakdown of the settlement in this case would not harm the defendants but would seriously harm the plaintiff.

---

[5] Similarly, while the original, timely, motion to reopen was appropriately rejected due to the lack of a supporting memorandum or affidavit as required by Local Rule 7.1, defendants were aware of the parties' disagreement and that the settlement had not been finalized.

See Pratt v. Philbrook, 109 F.3d 18, 22-23 (1st Cir. 1997) (finding a three-week delay in filing Rule 60(b) motion to vacate settlement order of dismissal could be excusable neglect under Rule 60(b)(1) since negotiations were continuing). If the late filing in the instant case is attributed to negligence at all, it was excusable. Similarly, since the defendants led the plaintiff to believe that a late filing was unopposed, justice requires that the merits of the Motion to Reopen be considered by the court. Therefore, the Motion to Reopen is properly before this court.

To the extent that the defendants contend that the Motion to Reopen should be denied on the merits either because there was no settlement reached or the defendants did not breach the terms of the settlement agreement, these issues will be decided after an evidentiary hearing. Such a hearing is presently scheduled for January 23, 2020.

**B.**     **Sanctions**

This court does not issue sanctions lightly, but they are entirely appropriate and, in fact, necessary in the instant case. There is simply no reason why plaintiff's counsel, or this court, should have had to address the Motion for Reconsideration, which is not supported in law or in fact. See Fed. R. Civ. P. 11(b).

Under 28 U.S.C. § 1927,

> [a]ny attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

To be sanctionable, the conduct must "be more severe than mere negligence, inadvertence, or incompetence[,]" although "[t]he attorney need not intend to harass or annoy by his conduct nor be guilty of conscious impropriety to be sanctioned." Cruz v. Savage, 896 F.2d 626, 632 (1st

Cir. 1990).  Sanctions are appropriate if the attorney's actions "evince a studied disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court."  Jensen v. Phillips Screw Co., 546 F.3d 59, 64 (1st Cir. 2008) (citations omitted).

Here, given the defendants' repeated failures to comply with court-ordered deadlines, the decision to challenge the plaintiff's 2-day delay is inexplicable as a matter of professional courtesy.  (See Dkt. No. 55 (defendants filed their Response to the Motion to Reopen 21 days late without any excuse); Dkt. No. 66 (on the day the report was due, defendants filed a motion for an extension of time to file a status report); Dkt. No. 72 (defendants filed the status report four days late without excuse or penalty); Dkt. No. 75 (on the day the report was due, defendants filed a motion for an extension of time to file a joint status report)).  More importantly, and the reason sanctions are ordered herein, despite being given ample opportunity to do so, defense counsel has failed to explain their role in inducing the plaintiff to file the Motion to Reopen late and assuring him that it was all right for him to do so.  Similarly, they have failed to explain their filing of an untimely "Response" to the Motion to Reopen.  Absent an explanation of these events, this court has no choice but to conclude that the Motion for Reconsideration, challenging this court's jurisdiction to hear the merits of the serious issues raised in the Motion to Reopen, is frivolous.

### IV.  CONCLUSION

For all the reasons detailed herein, the defendants' Motion for Reconsideration (Dkt. No. 78) is DENIED and the plaintiff's Request for Sanctions (Dkt. No. 79) is ALLOWED.  Plaintiff is awarded his costs and attorneys' fees in opposing defendants' Motion for Reconsideration, to

be paid by defendants' attorneys.  Plaintiff's counsel shall submit an affidavit detailing these

amounts within 30 days of the date of this Order.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge